UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHRISTIE JONES, et al.                                                    PLAINTIFFS


v.                                                    CIVIL ACTION NO. 3:06-CV-172-S


WEST POINT POLICE DEPT., et al.                                           DEFENDANTS


## MEMORANDUM OPINION

This matter is before the court on motion of defendants, the City of West Point, Kentucky (the "City of West Point"), the City of West Point Police Department ("West Point Police Department"), and Carlos Cintron, individually and in his official capacity as Chief of Police of the West Point Police Department ("Cintron"), for summary judgment (DN 35), and the motion of defendant John Cottrell, individually and in his official capacity as Police Officer in the West Point Police Department ("Cottrell") for summary judgment (DN 46), (collectively, "Defendants").

## BACKGROUND

On Saturday, July 9, 2005, plaintiff Cristie Jones ("Jones") attended a festival in the City of West Point at which she consumed alcohol. Jones did not keep track of the number of drinks or the amount of alcohol that she consumed during the festival. At some point during the evening, Jones began feeling the effects of the alcohol, became unsteady on her feet, and asked to be driven home. Jones testified that near the end of the festival, she began to have memory lapses due to the alcohol she had consumed. After returning home around 11:00 p.m., Jones walked outside to where her alcohol was located in order

to make herself another drink.  Jones testified that she saw Cottrell in his police cruiser at the end of her driveway.

Jones testified that she walked toward the police cruiser, but did not want to leave her property because she was staggering and did not want to get in trouble.  While Jones remembers engaging in conversation with Cottrell, she does not remember what was said.  Jones testified that the next thing she remembers was being inside the police cruiser, although she is unsure as to why or how she entered the cruiser.  She next recalls being startled when she realized Cottrell's hands were being put down her pants.  Jones realized that she was at Fort Duffield, a park in the City of West Point, but was unsure as to how she got there.  Jones' next memory is being at the bottom of the driveway of Fort Duffield, and seeing Cottrell open a gate.  Jones next recalls blue lights and a woman on the side of the road.[1]  Her next recollection was waking up at her home the next morning.

Later that afternoon Jones had her first recollection of being at the top of Fort Duffield.  She testified that she drove to Fort Duffield to determine whether there was any evidence of her being there.  At Fort Duffield, Jones saw the cup from which she was drinking the night before and an unlit Virginia Slims cigarette in the parking area.  Jones testified that she then realized she may have been sexually assaulted.

On Tuesday, July 12, 2005, Jones went to the hospital to be checked out.  At the hospital, Jones met with Cintron, who had been called by the hospital to investigate the possible sexual assault.  Cintron recused himself, and turned the matter over to the state police  upon learning that Jones was accusing Cottrell of sexually assaulting her.  During the investigation of the alleged sexual assault, Cottrell did not deny that he engaged in sexual activity with Jones, but maintained that such activity was consensual.  Criminal charges were brought against Cottrell, and his case was referred to the Hardin County Grand

---

[1] Cottrell was responding to a call to aid a West Point citizen who was abandoned on the side of the road and in need of assistance.  Cottrell transported the citizen to a local store.

Jury.  The Grand Jury, however, did not indict him, and the charges were dismissed.  Cottrell has since resigned from the West Point Police Department.

Jones and her husband, Warren Jones (collectively "Plaintiffs"), filed the instant action claiming Defendants violated her First and Fourteenth Amendment rights under the Constitution.  They also allege state law claims for assault and battery, wrongful detention or imprisonment, intentional interference with the family relationship, intentional infliction of emotional distress, and negligent hiring and retention.

## DISCUSSION

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976).  Not every factual dispute between the parties will prevent summary judgment.  The disputed facts must be material.  They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit.  *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).  The dispute must also be genuine.  The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party.  *Id.*  The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial.  *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968).  The evidence must be construed in a light most favorable to the party opposing the motion.  *Bohn Aluminum & Brass Corp. V. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The court first notes that summary judgment is proper as to the Plaintiffs' claims against West Point Police Department.  Police departments of local governments are not entities which may be sued

and the local government itself is the proper party to address a plaintiff's complaint against a police department. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). West Point Police Department is a department of the City of West Point. As such, it is not a proper party to this action and all claims asserted by Plaintiffs against it will be dismissed.

## I. Constitutional Claims

Plaintiffs have asserted claims under 42 U.S.C. § 1983 against the Defendants for violation of their First and Fourteenth Amendment rights.[2] Section 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985). To prevail on a § 1983 claim, a plaintiff must establish: (1) that a person acting under color of state law (2) deprived the plaintiff of rights secured by the Constitution or law of the United States. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998).

Plaintiffs allege that Cottrell sexually assaulted Jones while acting under color of state law and that Cottrell's actions violated her Fourteenth Amendment substantive due process rights. While Jones may have a Constitutional right to bodily integrity under the Fourteenth Amendment, *see Doe v. Claiborne County*, 103 F.3d 495, 506 (6th Cir.1996), Plaintiffs have failed to establish that Cottrell's actions were taken under color of state law.

---

[2] Defendants contend, and Plaintiffs do not dispute, that the First Amendment is not applicable to this case. Accordingly, Plaintiffs' claims for violation of the First Amendment will be dismissed.

A public official has acted under color of state law when he has "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). "Section 1983 is generally not implicated unless a state actor's conduct occurs in the course of performing an actual or apparent duty of his office, or unless the conduct is such that the actor could not have behaved as he did without the authority of his office." *Waters v. City of Morristown, Tenn.*, 242 F.3d 353, 359 (6th Cir. 2001) (citing *West*, 487 U.S. at 49-50). "[A] defendant's private conduct, outside the course or scope of his duties and unaided by any indicia of actual or ostensible state authority, is not conduct occurring under color of state law." *Waters*, 242 F.3d at 359.

In the instant case, the fact that Cottrell was on duty, in uniform, and used his police cruiser to transport Jones to Fort Duffield in order to facilitate the alleged sexual assault is, in and of itself, insufficient to establish that Cottrell acted under color of state law. *See Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975) ("the fact that a police officer is on or off duty, or in or out of uniform is not controlling. It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law"). Moreover, the fact that Cottrell performed duties related to his employment with the West Point Police Department, picking up and transporting a stranded citizen, while Jones was in his cruiser is not indicative of whether Cottrell asserted his authority under color of state law in order to engage in the alleged sexual assault.

Jones' testimony as to the events leading to the alleged sexual assault do not establish that Cottrell used his position of authority as a police officer to engage in such alleged conduct. Although Jones testified she was afraid to leave her property when Cottrell approached her driveway, she also testified that she does not recall why or how she entered Cottrell's police cruiser. Jones testified that she had met Cottrell on three occasions prior to the night of the alleged sexual assault and that they engaged in casual conversation on at least one of these occasions. The record is devoid of any conversation that

took place the night of the alleged sexual assault, and of evidence establishing the reasons or circumstances under which Jones entered the police cruiser.  The Plaintiffs have failed to establish that Cottrell "could not have behaved as he did without the authority of his office."  *Waters*, 242 F.3d at 359. Because Plaintiffs cannot establish that Cottrell acted under color of state law at the time he is alleged to have sexually assaulted Jones, Plaintiffs' cannot prevail on their § 1983 claims against Cottrell and such claims must be dismissed.

Plaintiffs failure to establish that Cottrell acted under color of state law requires dismissal of their § 1983 claims against the City of West Point and Cintron as well.  The § 1983 claims against the City of West Point and Cintron, in his official capacity, are essentially the same claims, *see Matthews*, 35 F.3d at 1049 ("[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity"), and the failure to establish a constitutional violation on the part of a person acting under color of state law requires dismissal of those claims.  *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("if no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983); *see also Corder v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 899 F.2d 14 (6th Cir. 1990) (unpublished table decision) (affirming dismissal of § 1983 claims asserted against metropolitan government because deputy sheriff did not act under color of state law); *Harmon v. Grizzel*, No. 1:03CV169, 2005 WL 1106975, at *7 (S.D.Ohio April 21, 2005) (finding that in the absence of state action on the part of an individual officer, a plaintiff cannot maintain a § 1983 cause of action against a city government). Moreover, Plaintiffs' § 1983 claims against Cintron, in his individual capacity, are based on Cintron's alleged inadequate policies governing the hiring of West Point Police Department officers.  Insomuch as Plaintiffs have failed to establish that Cottrell used his position as officer in the West Point Police Department to facilitate the alleged sexual assault, the court must dismiss these claims as well.

## II.  State Law Claims

Plaintiffs have asserted state law claims against the Defendants for assault and battery, wrongful detention or imprisonment, intentional interference with the family relationship, intentional infliction of emotional distress, and negligent hiring or retention.  Because the court has dismissed the Plaintiffs' federal claims, the court declines to exercise our supplemental jurisdiction over Plaintiffs' purely state law claims, and will dismiss these claims without prejudice.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

A separate order in accordance with this opinion will be entered herein this date.